IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KATHLEEN LIVELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| SUN LIFE ASSURANCE COMPANY | ) |
| OF CANADA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Now comes the Plaintiff, KATHLEEN LIVELY ("Lively" or "Plaintiff"), by her attorneys, MARK D. DEBOFSKY and DEBOFSKY SHERMAN CASCIARI REYNOLDS, P.C., and complaining against the Defendant, SUN LIFE ASSURANCE COMPANY OF CANADA ("Sun Life" or "Defendant"), she states as follows:

### JURISDICTION

1. Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"), and in particular, ERISA § 502(e)(1) and (f) (29 U.S.C. §§ 1132(e)(1) and (f)). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans, which, in this case, involves a group life insurance policy underwritten and administered by Defendant for the benefit of employees of the Eurofins Scientific, Inc. under Group Policy Number 243023-001 (a true and accurate copy of the Policy is attached hereto as Exhibit "A").

2. This action may also be brought before this Court pursuant to 28 U.S.C. § 1331, which provides subject matter jurisdiction over actions that arise under the laws of the United States.

## VENUE

3. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) and 28 U.S.C. § 1391 because Plaintiff resides in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District at all times relevant hereto.

## NATURE OF ACTION

4. This case seeks the payment of life insurance indemnity plus interest on all overdue payments due following the death of Plaintiff's late husband, Chris Lively, on September 11, 2020pursuant to group insurance coverage sponsored by Eurofins Scientific, Inc. and underwritten and administered by Sun Life. This action is brought as a claim for benefits due pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Plaintiff also seeks attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)).

## PARTIES

5. At all times relevant hereto, Plaintiff, Kathleen Lively, who lives within the Western District of Wisconsin was married to and the named life insurance beneficiary of Chris Lively until his death on September 11, 2020, due to cancer.

6. Prior to his death, Chris Lively worked for Eurofins Scientific, Inc. and he was a participant in Eurofins' life insurance program. In addition, he was a participant in Eurofins' long-term disability benefits program, which was also insured by Sun Life. At the time of his death, Lively had qualified for and was receiving long-term disability benefits from Sun Life.

7. Chris Lively's life insurance coverage was part of an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)). Chris Lively received coverage under

the plan as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)), and Kathleen Lively was his life insurance beneficiary in accordance with ERISA §3(8) (29 U.S.C. § 1002(8)).

8.   At all times relevant hereto, Sun Life was the underwriter and administrator of the life insurance coverage; and was doing business within the Western District of Wisconsin.

## STATEMENT OF FACTS

9.   As a result of the illness that led to his death, Chris Lively ceased working in 2020 and received approved leave under the Family and Medical Leave Act through August 10, 2020.

10.   Although Sun Life was aware of Chris Lively's medical condition and its likely terminal nature as the result of its administration of his long-term disability benefit claim, and even though Sun Life administered both the Eurofins' long-term disability plan as well as the life insurance plan, Sun Life made no effort to advise Chris Lively or Plaintiff as to how he could continue his life insurance coverage following the end of his FMLA leave or to offer him conversion coverage; nor did Sun Life direct Eurofins to provide Chris Lively with an application to convert his life insurance.

11.   Although Chris Lively did not convert his life insurance coverage when his FMLA leave expired, the Policy contained the following provision:

> **What happens if I die during the 31 day conversion period?**
>
> If Sun Life receives Notice and Proof of Claim, a death benefit is payable to your Beneficiary, whether or not you had applied for an individual policy or had paid the first premium.
>
> The death benefit is the amount of Life Insurance you would have been eligible to convert.

12.   The Policy also contained the following provision:

> **How do I convert my Life Insurance?**
> You convert by applying to Sun Life for an individual policy along with sending payment of the first premium within 31 days after any part of your Life Insurance

ceases or reduces.  This is 31 day conversion period.  However, if you are not notified by your Employer of this conversion privilege, you will have an additional 15 days to exercise this conversion privilege.  In no event will this conversion privilege be extended beyond 60 days following your 31 day conversion period.

13. Following Chris Lively's death on September 11, 2020, Plaintiff made a claim for life insurance benefits that Sun Life denied pursuant to Claim No. GLC-39199.  Thereafter, Plaintiff appealed the denial, which resulted in a determination upholding the benefit denial based on the mistaken claim that he died on September 12, 2020.  Although Sun Life invited an additional appeal, following the appeal denial, Defendant ignored multiple phone calls and correspondence from Plaintiff's counsel pointing out Defendant's significant error, along with other issues, which has resulted in an actual or a deemed exhaustion of any further appeal obligations and has rendered this matter ripe for adjudication.

## FACTS GIVING RISE TO A CAUSE OF ACTION

14. At all times relevant hereto, Sun Life was acting as a fiduciary in relation to the benefits at issue, which required it to comply with 29 U.S.C. § 1104(a)(1) which, among other duties, required that it act for the exclusive purpose of providing benefits to participants and their beneficiaries, to act with the care, skill, prudence and diligence under the circumstances, and to act in accordance with the documents and instruments governing the plan.

15. Notwithstanding those duties, and despite the fact that Chris Lively died within 31 days of the end of his group coverage, which therefore entitled him to benefits under the Plan provisions quoted in paragraphs 11 and 12 above, Defendant refused to pay benefits to the Plaintiff and refused to communicate with her representative to offer any explanation as to why benefits were not being paid.

4

16. Because Plaintiff died within 31 days of when he was eligible to convert his coverage or within the extension thereof specified in the Policy, and on account of additional issues raised in Plaintiff's appeal and in response to Defendant's invitation to submit additional comments following the appeal denial, the full amount of benefits payable under the Policy are due and owing to the Plaintiff, along with interest accrued since the date of Chris Lively's death.

17. In the alternative to the foregoing, Defendant's breach of fiduciary duty caused actual harm to the Plaintiff since she did not receive life insurance benefits she should have received. She is therefore entitled to a surcharge remedy in the amount of the life insurance that would have been payable to her had the Policy been converted, along with interest accrued since the date of Chris Lively's death.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant, and that the Court order Defendant to pay the amount of life insurance Chris Lively was eligible to convert to Plaintiff pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)); or, in the alternative, pursuant to ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3).

B. That the Court order Defendant to pay Plaintiff prejudgment interest on the life insurance payment amount or surcharge pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) and/or ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3));

C. That the Court award Plaintiff her attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)); and

D. That the Court award Plaintiff any and all other penalties, damages, and equitable relief to which she may be entitled, as well as her costs of suit.

Dated: September 14, 2021	Respectfully submitted,

/s/ Mark D. DeBofsky
Mark D. DeBofsky
One of the Attorneys for Plaintiff
Kathleen Lively


Mark D. DeBofsky
DeBofsky Sherman Casciari Reynolds, P.C.
150 N. Wacker Dr., Suite 1925
Chicago, Illinois 60606
Voice: (312) 561-4040
Fax: (312) 929-0309
Email: mdebofsky@debofsky.com